THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MARÍA SANTIAGO, Defendant and Appellant.

Nos. 9097 and 9080. Argued July 15, 1942.—Decided July 29, 1942.

*Felipe Colón Díaz* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant has appealed from sentences in two criminal cases which were tried jointly. In one case the defendant was charged with a violation of §81 of the Spirits and Alcoholic Beverages Act, Act No. 6, Laws of Puerto Rico, 1936, Third Special Session, making it a misdemeanor to have possession or custody of an unregistered still. In the

other case the defendant was accused of having in his possession distilled spirits on which the internal revenue tax provided by §4 of the said act had not been paid, in violation of §77 of the same act.

The appellant assigns two errors. He alleges that neither the municipal court, where these cases were first tried, nor the district court had jurisdiction to try them. His argument is that the lower courts lacked jurisdiction because the complaints herein were filed by an insular policeman in the municipal court "without an opportunity having been given to the Treasurer of Puerto Rico to dispose of the case administratively, as provided by law." The appellant relies on §60 of the act, which reads as follows:

"The Treasurer is hereby authorized to impose and to collect fines in misdemeanor cases through administrative proceedings from any person who fails to observe and comply with the provisions of this Act or the regulations promulgated under this Act; such fine shall not exceed one hundred (100) dollars. · Failure to pay on the part of the person fined within the time granted by the Treasurer shall constitute ground for filing of a complaint before a competent court for the violation committed. Or, the Treasurer, in his discretion, may without administrative proceedings enter a complaint against such person before the proper court for failure to comply with the provisions of this Act or with the regulations of the Treasurer."

We find no requirement in §60 that the People must show that the Treasurer has determined not to dispose of the case administratively before the courts can entertain complaints for criminal violations of §§81 and 77. It may perhaps be better intra-governmental administrative practice for the police in cases like these to advise the Treasurer of the facts in order that he, as the official primarily charged with enforcement of this act, may determine whether an administrative fine or criminal prosecution would best serve the public interest in a particular case. But no offender can contend that he has a vested right in this possibility of ad-

ministrative disposition. Sections 81 and 77 contain no such qualifying language. They provide in absolute terms that possession of an unregistered still and distilled spirits on which the internal revenue taxes have not been paid are misdemeanors. And §86 provides for the punishment to be imposed by the courts in the event of conviction therefor. We therefore conclude that both the municipal and the district court had jurisdiction to try these cases, in the absence of an affirmative showing by the appellant that the Treasurer had disposed of the cases administratively pursuant to §60.

■ The second error assigned is that there was no proof of the crimes charged. The appellant's first argument on this point is that the still and distilled spirits were not presented in evidence. We do not undertstand that such evidence is absolutely indispensable in cases of this type. However that may be, the record contradicts the appellant on the facts. We transcribe the following from the record:

"District Attorney: That is our case. We present the still and the alcohol.

"Judge: Admitted."

■ The appellant also argues that the People failed to show a sale of the distilled spirits involved. The appellant, in making this argument, is apparently under the impression that the complaint charged a violation of paragraph 4 of §3 of the act, which defines a retail dealer. The complaint, however, charges a violation of §4 (providing for the rate of taxation on distilled spirits) and §77, providing that possession of such spirits, on which the said taxes have not been paid, constitutes a misdemeanor. There was therefore no necessity to prove a sale to justify conviction under that complaint. Proof of possession was sufficient.

■ The position of the appellant that the People did not prove his possession of the still and the distilled spirits is not borne out by the record. Two policemen testified that

they had surprised the appellant in the act of operating the still, and that he had fled leaving behind the still and a gallon bottle of alcohol with no internal revenue stamps affixed thereto. The testimony of the defense consisted of an alibi, to which the district court gave no credence. The evidence was sufficient to sustain the charges in these cases. *People* v. *Figueroa,* 58 P.R.R. 675.

The judgments of the district court will be affirmed.